## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARREN COHN, on behalf of himself and all others similarly situated, | CASE NO. 13-CV-8365 |
| Plaintiff, | |
| v. | SECOND AMENDED CLASS ACTION COMPLAINT |
| KIND, LLC, GENERAL NUTRITION CORPORATION, and VITAMIN SHOPPE INDUSTRIES INC., | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Warren Cohn ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendants KIND, LLC ("KIND"), General Nutrition Corporation ("GNC"), and Vitamin Shoppe Industries Inc. ("Vitamin Shoppe," and together with KIND and GNC, "Defendants").

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of purchasers of KIND nut-based candy bars in the United States.

2. KIND bars uniformly represent that "[a] study from the Yale-Griffin Prevention Research Center indicates that eating two KIND bars a day helps prevent weight gain." That representation is false and misleading.[1]

3. In fact, the above-referenced study (the "Yale-Griffin Study" or the "Study") found **no difference** in weight gain between participants who ate two KIND bars a day and those who did not. There was nothing in the Study's results that indicated "that eating two KIND bars a day helps prevent weight gain."[2]

4. The Yale-Griffin Study, which was financed in 2008 by KIND's former affiliate, PeaceWorks Holdings LLC, tracked two groups of overweight adults for 8 weeks. While participants in the "control" group were given no instructions at all, participants in the "intervention" group were instructed to consume KIND bars twice a day. At the end of 8 weeks, the Study found that

> "Anthropometric measures (i.e. body mass index, weight and waist circumference) **did not improve** from baseline after consumption of fruit and nut snack bar compared to controls."

---

[1] KIND bars come in several varieties and flavors. All contain the same false and misleading representation about the same study.

[2] A true and correct copy of the Yale-Griffin Study is attached hereto as Exhibit A.

1

Far from indicating that the KIND Bars helped prevent weight gain, the Study's authors concluded that "[t]he addition of two daily fruit and nut snack bars to habitual baseline diet **had no effect on body weight** ...."[3]

5. The data from the Yale-Griffin Study at best showed that consumption of KIND Bars "did not cause weight gain," as its authors concluded. But the fact that a product does not *cause* weight gain is distinguishable from whether it *prevents* weight gain, as Defendants represent.

6. The Yale-Griffin Study is written in plain English. No scientific or medical expertise is required to understand its data and conclusions. There is no reasonable way to interpret the Study as supporting the above-referenced representation that KIND bars help prevent weight gain.

7. In fact, the opposite is true. Studies on the effects of chronic nut consumption on weight gain have shown that simply adding nuts to an individual's diet will cause an increase in weight gain. For example, in 2002, one study showed an average weight gain of one kilogram (approximately 2.2 pounds) over eight weeks when subjects consumed large quantities of peanuts without otherwise modifying their diets.[4] Notably, peanuts are the most plentiful ingredient in KIND bars.

8. Moreover, the Yale-Griffin Study was fraught with design problems. It only examined a decidedly small sample size of 94 people, of whom only 89 completed the study. The study also involved only "overweight adults," and could not have indicated anything about individuals in the general public who are not overweight. Yet, no such qualification appears on the KIND Bars' labeling.

9. More importantly, because the Study did not keep track of its participants' caloric intake, its data are irrelevant to the determination of whether or not KIND Bars help prevent weight gain. The only way one could conclude that KIND Bars help prevent weight gain from

---

[3] Emphasis added.

[4] *See* Alper et al., *Effects of Chronic Peanut Consumption on Energy Balance and Hedonics*, J. of Obesity, Volume 26, No. 8 at 1129-1137 (August 2002). A true and correct copy of this study is attached hereto as Exhibit B.

2

the Study's data would be if the experimental group (which ate KIND Bars) had consumed more calories than the control group (which was unmonitored), but still did not show signs of weight gain. That was not done.

10. This representation about the Yale-Griffin Study is central to Defendants' marketing of KIND bars, and it is a primary basis upon which consumers rely in purchasing KIND bars. The packaging for KIND bars prominently bears the slogan "Fill up without filling out!" And in a similar marketing effort, KIND sent out 2,000 New Year's greeting cards with KIND bars, stating, "eat 2 KIND bars a day, and lose weight."[5]

11. Reference to the Study appears on the back of the KIND Bar wrapper, in a more prominent location than the nutrition information, which appears underneath the fold of the wrapper. Defendants know that consumers will rely on this representation in deciding to purchase KIND Bars over other similar bars made by competitors. That is the sole reason KIND funded the study and printed a (false and misleading) reference to it on the label.

12. KIND bars are also sold in nutritional supplement retailers, including GNC and Vitamin Shoppe, specifically for their purported weight control benefits.

13. By virtue of this misrepresentation, Defendants are able to sell KIND bars at a substantial premium over similar nut-based candy bars that do not contain this misrepresentation:

| Store | Product | Units Per Box | Price Per Box | Price Per Unit |
|---|---|---|---|---|
| Drugstore.com | KIND Bars[6] | 12 | $19.99 | $1.66 |
| Drugstore.com | Nature Valley Trail Mix Bars | 6 | $2.99 | $.50 |

14. Plaintiff is a purchaser of KIND Bars who asserts claims on behalf of himself and similarly situated purchasers of KIND bars for violation of the Magnuson-Moss Warranty Act,

---

[5] *See*, http://blog.peaceworks.net/2009/01/yale-study-eating-kind-bars-helps-lose-weight/.

[6] The price for KIND bars listed in this table is the same for all varieties of KIND bars sold at Drugstore.com.

3

breach of express and implied warranties, violations of the consumer protection laws of New York, and unjust enrichment.

## PARTIES

15. Plaintiff Warren Cohn is a citizen of New York who resides in Brooklyn, New York. Mr. Cohn purchased KIND bars at both GNC and Vitamin Shoppe in Brooklyn, New York on many occasions since 2010. Most recently, Mr. Cohn purchased KIND bars from GNC in or about May 2014. He also purchased Kind Bars from Vitamin Shoppe in or about February 2014. Prior to purchase, Mr. Cohn carefully read the KIND bars' labeling, including the statement that "[a] study from the Yale-Griffin Prevention Research Center indicates that eating two KIND bars a day helps prevent weight gain." Mr. Cohn understood that this statement was endorsed by both GNC and Vitamin Shoppe. Mr. Cohn believed this statement to be true, and relied on it in that he would not have purchased KIND bars at all, or would have only been willing to pay a substantially reduced price for KIND bars had he known that this representation was false and misleading. Ms. Cohn also understood that in making the sales to him, GNC and Vitamin Shoppe impliedly warranted that KIND Bars were fit for the purpose of weight control. Mr. Cohn consumed the KIND bars he purchased from GNC and Vitamin Shoppe, but they did not help prevent weight gain.

16. Defendant KIND is a Delaware corporation with a principal place of business at 1372 Broadway, New York, NY 10018. KIND is responsible for the manufacture, distribution, sales, and marketing of KIND bars in the United States.

17. Defendant GNC is a Pennsylvania corporation with a principal place of business at 300 Sixth Ave., Pittsburgh, Pennsylvania 15222. GNC advertises, promotes, distributes, and sells KIND bars to hundreds of thousands of consumers in United States. GNC authorizes the false and misleading representation about KIND bars through its officers, directors, and agents.

18. Defendant Vitamin Shoppe is a New York corporation with a principal place of business at 2101 91st St., North Bergen, NJ 07047. Vitamin Shoppe advertises, promotes, distributes, and sells KIND bars to hundreds of thousands of consumers in United States.

4

Vitamin Shoppe authorizes the false and misleading representation about KIND bars through its officers, directors, and agents.

19. Defendants GNC and Vitamin Shoppe are specialized sellers of nutritional supplements and sports nutrition products. They do not sell regular snacks or other groceries at their stores. The only food products they carry are those which are designed to provide specialized nutritional benefits. The only reason consumers purchase KIND bars from these stores is for their purported weight control benefits.

20. At all times relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

21. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from one of the Defendants.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District.

23. All conditions precedent necessary for filing this Second Amended Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendants.

## CLASS REPRESENTATION ALLEGATIONS

24. Mr. Cohn seeks to represent a class defined as all persons in the United States who purchased KIND bars (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

25. Mr. Cohn also seeks to represent a subclass defined as all Class members who purchased KIND bars from GNC (the "GNC Subclass"), and a subclass of all Class members who purchased KIND bars from Vitamin Shoppe (the "Vitamin Shoppe Subclass").

26. Mr. Cohn also seeks to represent a subclass defined as all Class members who purchased KIND bars in New York (the "New York Subclass").

5

27. Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclasses number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

28. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendants' labeling, marketing and promotion of the KIND bars is false and misleading.

29. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading marketing and promotional materials and representations, purchased KIND bars, and suffered a loss as a result of that purchase.

30. Plaintiff is an adequate representatives of the Class and Subclasses because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

31. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

32.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

33.     Plaintiff brings this claim individually and on behalf of members of the Class and Subclasses against all Defendants.

34.     KIND bars are consumer products as defined in 15 U.S.C. § 2301(1).

35.     Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

36.     Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

37.     In connection with the sale of the KIND bars, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), by representing that "[a] study from the Yale-Griffin Prevention Research Center indicates that eating two KIND bars a day helps prevent weight gain."

38.     In fact, KIND bars do not conform to the above-referenced representation because the Yale-Griffin Study found the consumption of KIND bars "had no effect on body weight."

39.     By reason of Defendants' breach of warranties, Defendants violated the statutory rights due to Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff and Class members.

40.     Plaintiff and Class members were injured as a direct and proximate result of Defendants' breach because (a) they would not have purchased KIND Bars if they had known that the Yale-Griffin Study found the consumption of KIND bars "had no effect on body weight," and (b) they overpaid for KIND Bars because they are sold at a price premium when compared to similar products that do not contain this misrepresentation.

## COUNT II

### Breach Of Express Warranty

41.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

42.     Plaintiff brings this claim individually and on behalf of members of the Class and Subclasses against all Defendants.

43.     In connection with the sale of KIND Bars, Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers issued written warranties by representing that "[a] study from the Yale-Griffin Prevention Research Center indicates that eating two KIND bars a day helps prevent weight gain."

44.     In fact, KIND bars do not conform to the above-referenced representation because the Yale-Griffin Study found the consumption of KIND bars "had no effect on body weight."

45.     Plaintiff and Class members were injured as a direct and proximate result of Defendants' breaches because (a) they would not have purchased KIND Bars if they had known that the Yale-Griffin Study found the consumption of KIND bars "had no effect on body weight," and (b) they overpaid for KIND Bars because they are sold at a price premium when compared to similar products that do not contain this misrepresentation.

## COUNT III

### Breach Of Implied Warranty Of Fitness For A Particular Purpose

46.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

47.     Plaintiff brings this claim individually and on behalf of members of the GNC Subclass and Vitamin Shoppe Subclass against GNC and Vitamin Shoppe.

48.     Defendants GNC and Vitamin Shoppe marketed, distributed, and/or sold KIND bars with the implied warranty that they were fit for the purpose of weight control.

49. Plaintiff purchased KIND bars in reliance on this implied warranty.

50. KIND bars were not altered by Plaintiff Cohn or Subclass members.

51. As a direct and proximate cause of Defendants GNC and Vitamin Shoppe's breach of the implied warranty, Plaintiff and Subclass members have been injured and harmed because (a) they would not have purchased KIND Bars if they had known that KIND Bars were not fit for the purpose of weight control and (b) they overpaid for KIND Bars because they are sold at a price premium when compared to similar products that do not contain this implied warranty.

## COUNT IV

### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

52. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

53. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against all Defendants.

54. By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by making false representations on the labels of KIND bars.

55. The foregoing deceptive acts and practices were directed at consumers.

56. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the results of the Yale-Griffin Study regarding KIND bars.

57. Plaintiff and members of the New York Subclass were injured as a result because (a) they would not have purchased KIND Bars if they had known that the Yale-Griffin Study found the consumption of KIND bars "had no effect on body weight," and (b) they overpaid for KIND Bars because they are sold at a price premium when compared to similar products that do not contain this misrepresentation.

58. On behalf of themselves and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

9

## COUNT V

### False Advertising, New York Gen. Bus. Law § 350

59. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

60. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against all Defendants.

61. Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the results of the Yale-Griffin Study on the labeling of KIND bars.

62. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

63. This misrepresentation has resulted in consumer injury or harm to the public interest.

64. As a result of this misrepresentation, Plaintiff and members of the New York Subclass have suffered economic injury because (a) they would not have purchased KIND Bars if they had known that the Yale-Griffin Study found the consumption of KIND bars "had no effect on body weight," and (b) they overpaid for KIND Bars because they are sold at a price premium when compared to similar products that do not contain this misrepresentation.

65. On behalf of himself and other members of the New York Subclasses, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VI

### Unjust Enrichment

66. Plaintiff incorporates by reference and re-allege each and every allegation set forth above as though fully set forth herein.

10

67. Plaintiff brings this claim individually and on behalf of members of the Class and Subclasses against all Defendants.

68. Plaintiff and Class members conferred benefits on Defendants by purchasing KIND bars.

69. Defendants have knowledge of such benefits.

70. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of KIND bars. Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that the Yale-Griffin Study indicated that "eating two KIND bars a day helps prevent weight gain."

71. Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## RELIEF DEMANDED

72. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

   a. For an order certifying the nationwide Classes and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Subclasses and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

   b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

   c. For an order finding in favor of Plaintiff, the nationwide Classes, and the Subclasses on all counts asserted herein;

   d. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

   e. For prejudgment interest on all amounts awarded;

   f. For an order of restitution and all other forms of equitable monetary relief;

   g. For injunctive relief as pleaded or as the Court may deem proper; and

   h. For an order awarding Plaintiff and the Classes and Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: September 15, 2014                Respectfully submitted,

MORELLI ALTERS RATNER (NEW YORK)
777 Third Avenue, 31st Floor
New York, New York 10017
Telephone:   (212) 751-9800
Facsimile:   (212) 751-0046

By: /s/
Benedict P. Morelli
bmorelli@morellialters.com
S.D.N.Y. Bar ID: BP6597
David S. Ratner
dratner@morellialters.com
S.D.N.Y Bar ID: DR7758
Adam Deutsch
adeutsch@morellialters.com
S.D.N.Y. Bar ID: AD8836
David Sirotkin
dsirotkin@morellialters.com
S.D.N.Y. Bar ID: DS4863


MORELLI ALTERS RATNER (MIAMI)
Miami Design District
4141 Northeast 2nd Avenue
Suite 201
Miami, Florida 33137
Telephone:   (305) 571-8550
Facsimile:   (305) 571-8558

Jeremy W. Alters
jalters@morellialters.com
Florida Bar No.: 111790
Matthew T. Moore
mmoore@morellialters.com
Florida Bar No.: 70034

BURSOR & FISHER, P.A.
Scott A. Bursor (SB1141)
Joseph I. Marchese (JM1976)
Yitzchak Kopel (YK5522)
Neal J. Deckant (ND1984)
888 Seventh Avenue
New York, NY 10019
Tel: (212) 989-9113

Fax: (212) 989-9163  
E-Mail:  scott@bursor.com  
　　　　　jmarchese@bursor.com  
　　　　　ykopel@bursor.com  
　　　　　ndeckant@bursor.com  

*Attorneys for Plaintiff*