UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
WARREN COHN, *individually and on behalf of all others similarly situated, et al.*,

                             Plaintiffs,

-against-

KIND, LLC, et al.,

                             Defendants.
------------------------------------------------------------ x

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**

13 Civ. 8365 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On November 22, 2013, former plaintiffs Alexandra Boyle, Taylor Mackenzie, and Sarah Abbey, filed a false advertising lawsuit against KIND, LLC on behalf of a nationwide class. Following Defendant's motion to dismiss, Plaintiffs amended their complaint on June 12, 2014. Defendant again moved to dismiss, and Plaintiffs again amended their complaint on September 16, 2014, this time substituting Warren Cohn for the former named plaintiffs and adding retailers GNC Corporation and Vitamin Shoppe Industries as defendants. On October 20, 2014, Defendants filed a third motion to dismiss. For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND

        KIND LLC manufactures snack bars containing fruit, nuts, and other ingredients. It sells the snack bars in packages that display the following language on the exterior:

> "A study by the Yale-Griffin Prevention Research Center indicates that eating two KIND bars a day helps prevent weight gain."

Second Am. Compl. ¶ 2. The Yale-Griffin Study was an 8-week study of 94 overweight but otherwise healthy Connecticut residents that measured the effects on blood pressure, lipid panel,

BMI, and waist circumference that result from adding two KIND bars to an individual's diet, without other restrictions. The study concluded that

> "[t]he addition of two daily fruit and nut snack bars to habitual baseline diet had no effect on body weight, waist circumference, lipid panel and blood pressure in . . . overweight adults with elevated waist circumference. The addition of [340 calories] per day from the [KIND] snack bars produced no weight gain."

Bullock Decl. Ex. A, at 3. It explained that a possible mechanisms for the observed effects

> "could be a result of the ability of nuts to increase energy expenditures at the same time as providing a high satiety and low metabolisable energy source. . . . It is possible, that the satiating effect of nuts is partly attenuated by the dried fruits, given that the latter have a high satiety threshold. Even so, the anthropometric data obtained from the present study suggests that the net satiety impact of snack bars remains favourable."

*Id.* at 5.

Plaintiff alleges that the statement on KIND's packaging is false and misleading because the study merely indicates that that addition of two KIND bars *does not cause,* rather than affirmatively *prevents,* weight gain. Plaintiff also points out that another study on the effects of nut consumption contradicts the results of the Yale-Griffin Study, and that the Yale-Griffin Study's findings are unreliable because its methodology was flawed. Plaintiff alleges that he purchased KIND bars "on many occasions since 2010," that he "carefully read the KIND bars' labeling" prior to purchase, and that he "would not have purchased KIND bars at all, or would have only been willing to pay a substantially reduced price for KIND bars had he known that this representation was false and misleading." Second Am. Compl. ¶ 15.

Plaintiff's Second Amended Complaint ("SAC") alleges that, based on the above facts, all Defendants are liable for violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*), breach of express warranty, deceptive practices in violation of New York Gen.

Bus. Law § 349, false advertising in violation of New York Gen. Bus. Law § 350, and unjust enrichment. The SAC also alleges breach of implied warranty of fitness for a particular purpose by Defendants GNC and Vitamin Shoppe ("Retailer Defendants").

## LEGAL STANDARD

A motion to dismiss should be granted if the complaint "fails to state a claim upon which relief can be granted." Fed .R. Civ. P. 12(b)(6). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The court accepts the non-moving party's factual allegations as true and draws all reasonable inferences in its favor. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir.2008).

## DISCUSSION

Defendants first argue that all of Plaintiff's claims are precluded as a matter of law because KIND's labels accurately reflect the findings of the Yale-Griffin Study. They correctly note that KIND does not make any proprietary claims regarding the health benefits of its products; it only purports to disseminate the findings of the Yale-Griffin Study. Thus, the facts Plaintiff alleged to refute the health benefits of KIND bars, such as his description of the contrasting Purdue Study or allegations of methodological flaws in the Yale-Griffin Study, are completely irrelevant to this case. Nevertheless, the Study's conclusion and KIND's representation of that conclusion are not obviously congruent. The plain language of the study indicates that adding two KIND bars per day does not cause weight gain in overweight individuals. But the "overweight" qualification is conspicuously absent from KIND's labels, implying that the snack bars' benefits are universal. And KIND makes a leap in logic by reading the Study to say that KIND bars affirmatively *prevent* weight gain. As Defendants themselves

admit, "there may be zero-calorie, non-satiating products that do not cause weight gain and also do not prevent weight gain." Defs.' Br. 8. The authors' speculation that the lack of weight gain may be explained by "the ability of nuts" to "increase energy expenditures at the same time as providing a high satiety and low metabolisable energy source" does not establish the truthfulness of KIND's statements as a matter of law, either.

Defendants also argue that Plaintiff lacks standing to sue because Plaintiff has not alleged injury; that is, he does not allege that he used the products as directed and actually gained weight. But Defendants offer no authority for the proposition that injury must be physical in order to confer standing. Plaintiff in this case has alleged an economic injury: that he paid a premium price for the snack bars based on KIND's representation of the Yale-Griffin Study. That is a sufficient allegation of harm at this stage. *See Ebin v. Kangadis Food Inc.*, 2013 WL 650547, at *1-4 (S.D.N.Y. Dec. 11, 2013) (rejecting argument that "allegation of a 'price premium' is impermissibly conclusory").

In addition to these general arguments, Defendants raise specific arguments for dismissing each of Plaintiff's claims:

## I. Magnuson-Moss Warranty Act

Defendants argue that Plaintiff's claims under the Magnuson-Moss Warranty Act must be dismissed because KIND bars allegedly cost $1.66 each and the statute only applies to products that cost more than $5. Plaintiff concedes that the claims are barred for this reason. Pl.'s Br. at 21, n.4. Accordingly, those claims are dismissed.

## II. Express Warranty

Defendants argue that Plaintiff's express warranty claims are barred because the "representations regarding [the] product" were not "specific and unequivocal," as required by

law. Defs.' Br. at 16 (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Products Liab. Litig.*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010)). In support of such a limitation, however, Defendants cite only a single case from a different jurisdiction interpreting the California Commercial Code. "To state a claim for breach of express warranty under New York law, a plaintiff must allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Goldemberg v. Johnson & Johnson Consumer Cos. Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014). The Second Amended Complaint meets these criteria.

### III. Implied Warranty of Fitness for a Particular Purpose

Defendants argue that Plaintiff cannot maintain claims for breach of an implied warranty of fitness for a particular purpose because Plaintiff has alleged that weight control is an ordinary purpose of KIND bars and "[i]t is axiomatic that a product's ordinary purpose cannot be the same as its particular purpose; without that distinction, there can be no claim for breach of implied warranty of fitness for a particular purpose." *Franulovic v. Coca-Cola Co.*, 2007 WL 3166953, at *6 (D.N.J. Oct. 25, 2007). Plaintiff concedes this argument. Pl.'s Br. at 21, n.4. His implied warranty claims are therefore dismissed.

### IV. Deception and False Advertising (New York Gen. Bus. Law §§ 349, 350)

Defendants argue that Plaintiff has not alleged that he actually relied upon the advertisements in question. Under New York law, a Plaintiff must allege a "connection between the defendants' deceptive conduct and a specific injury . . . suffered as a result." *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009). Plaintiff in this case alleges that he carefully read the label and would not have paid such a high premium for KIND bars over

substitute snack bars if not for the allegedly deceptive advertising. Thus, Plaintiff has at least alleged economic harm in reliance of KIND's labels.

Defendants also contend that Plaintiff fails the "reasonable consumer" test because the average consumer would probably not even read the small font on the back of the package, let alone rely on it. But that is a question of fact inappropriate for resolution on a motion to dismiss. *See Gaidon v. Guardian Life Ins. Co.*, 94 N.Y.2d 330, 345 (1999). I cannot conclude "as a matter of law that members of the public are not likely to be deceived by the product packaging" in this case. *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973 (C.D. Cal. 2013).

## V.    Unjust Enrichment

Defendants argue that "where an unjust enrichment claim is asserted in concert with a claim sounding in fraud, as is present here, the unjust enrichment claim must be dismissed if the fraud claim is dismissed[.]" *DiMuri v. Clinique Labs., LLC*, 572 F. App'x 27, 32 (2d Cir. 2014) (Summary Order). But for the reasons stated above, Plaintiff's fraud claims cannot be dismissed at this stage. His unjust enrichment claims may therefore proceed as well.

## VI.   Claims Against Retailer Defendants

Plaintiff alleges that GNC and Vitamin Shoppe are also liable for KIND's false advertising because they "authorized the sale of the mislabeled KIND bars." Pl.'s Br. at 23. But Plaintiff does not allege any specific conduct by the Retailer Defendants that would impute KIND's statements about the Yale-Griffin Study to them. Simply "authorizing the sale" of KIND bars is not enough to establish vicarious liability for GNC and Vitamin Shoppe. *See Wright v. Shapiro*, 791 N.Y.S.2d 799, 800-01 (Dep't 4 2005) (requiring "control" or "authority" over advertising to support a claim of false and misleading advertising against a particular party);

*Avola v. Louisiana-Pacific Corp.*, 991 F. Supp. 2d 381, 396-97 (finding that no jury could reasonably find that the plaintiff relied on the retailer's advertising where the retailer only "passively recited" the manufacturer's advertising). Plaintiff relies upon *In re Scotts EZ Seed Litig.*, 2013 WL 2303727 (S.D.N.Y. May 22, 2013), to argue that false advertising claims (as opposed to warranty claims) against retailers may still survive even when the retailers were not "involved in the packaging or labeling" of the product. But the retailer in *Scotts* had allegedly included the "actionable representations in its in-store advertisements and on its website." *Id.* at *11. Plaintiff has not alleged anything comparable here. Plaintiff has not stated any claims against the Retailer Defendants, and therefore all of his claims against them are dismissed.

## CONCLUSION

Plaintiff's claims for breach of the Moss-Magnuson Warrant Act and breach of implied warranty of merchantability for a particular purpose are dismissed against all defendants. Plaintiff's claims for breach of express warranty, deception, false advertising, and unjust enrichment are dismissed only with respect to Defendants GNC and Vitamin Shoppe. Plaintiff shall amend his complaint by January 28, 2015. Defendants shall file an answer by February 18, 2015. The Parties shall appear for a status conference on March 6, 2015 at 10:00 AM.

The Clerk shall mark the motion (Doc. No. 58) terminated.

SO ORDERED.

Dated: January 14, 2015
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge